Tommie E. WATKINS, et al., Plaintiffs,

v.

Donald BLINZINGER, et al., Defendants.

No. IP 82–1960–C.

United States District Court, S.D. Indiana, Indianapolis Division.

June 6, 1985.

Donald R. Lundberg, Legal Services Organization of Ind., Indianapolis, Ind., Jamie Weinberg, Legal Services Organization of Ind., Bloomington, Ind., for plaintiffs.

Carolyn Small, Asst. U.S. Atty., Gary L. Shaw, Dep. Atty. Gen., Indianapolis, Ind., for defendants.

## ORDER AND MEMORANDUM ENTRY

NOLAND, Chief Judge.

The plaintiffs are Indiana residents who have been applicants for or recipients of benefits under the Aid to Families with Dependent Children (AFDC) program. AFDC is a federal-state assistance program established under Title IV of the Social Security Act, 42 U.S.C. § 602 *et seq.* Indiana participates in the AFDC program pursuant to Ind.Code 12–1–7–1 *et seq.* and the program is administered through the Indiana Department of Public Welfare.

The AFDC program was amended by the Omnibus Budget Reconciliation Act of 1981. With particular relevance to this action, a lump sum budgeting rule was adopted in 42 U.S.C. § 602(a)(17). 42 U.S.C. § 602(a)(17) mandates a period of ineligibility for AFDC recipients who receive nonrecurring lump sum incomes. In-

diana implements this rule pursuant to 470 I.A.C. 10–1–3–6 and Department of Public Welfare Implementation Letter # 3.

The plaintiffs are individuals who were denied AFDC benefits or had their benefits terminated by the Indiana Department of Public Welfare because they received nonrecurring lump sums. The named plaintiffs are suing on behalf of themselves and others similarly situated. They contend that the state, in denying or terminating their benefits, has violated federal statutes and regulations and the United States Constitution, in so administering the AFDC program. The plaintiffs in their complaint prayed for a permanent injunction requesting this Court to remedy the alleged violations by way of declaratory and injunctive relief. Further, the plaintiffs later moved to consolidate the preliminary injunction hearing with a trial on the merits. Subsequently an adversary hearing was held at which the plaintiffs and defendant State of Indiana put on evidence. Pursuant to the State of Indiana's motion, the Department of Health and Human Services was joined as a party defendant.

The plaintiffs have moved for class certification. Pursuant to this entry, the Court determines that certification of a class is not appropriate in this action and therefore the plaintiffs' motion for class certification is denied.

Under the AFDC program a family having a dependent, the AFDC unit, has a monetary amount calculated for their basic needs and shelter allowance per month. These two amounts are then added together to arrive at the AFDC unit's standard of need per month. Any income received (other than that to be disregarded by 42 U.S.C. § 602) is then subtracted from the Standard of Need. The resulting figure is the actual cash grant which the unit will receive on a monthly basis.

This cash grant per month is subject to suspension should the unit receive a lump sum amount which exceeds the calculated monthly standard of need. When the unit receives such a lump sum amount, the state calculates a period of ineligibility for AFDC payments by dividing the lump sum amount by the monthly standard of need. The number so derived represents the number of months for which the unit will be ineligible for AFDC payments. Any remainder is attributed against the cash grant for the month which follows the end of the period of ineligibility. The mandatory period of ineligibility continues without regard to the fact that the "lump sum" may be exhausted before the AFDC benefits are resumed. The plaintiffs herein have received lump sum amounts from varying sources, and accordingly have experienced or are experiencing periods of ineligibility from AFDC benefits or have been denied AFDC benefits altogether.

Several individuals have moved to intervene as plaintiffs. The Court has reviewed their allegations and finds that they raise the same contentions as presented by the named plaintiffs' complaint. Therefore the Court grants the motions to intervene as no new issues would be raised thereby.

### Issues

The plaintiffs' challenge to the defendants' actions are multifold. The Court has considered the issues raised by the complaint and finds the plaintiffs' contentions to be as follows:

1. The defendants' application of lump sum budgeting rules to AFDC units who do not have earned income is contrary to law.

2. The defendants' failure to apply the allowable resource limits to AFDC units in receipt of payments considered to be lump sums is contrary to law, and the defendants' failure to apply allowable resource limits to AFDC units in receipt of lump sums creates an irrational classification unrelated to any legitimate state interest.

3. The defendants' policy of "lump sum budgeting" personal injury insurance settlements, including those received by and for the benefit and use of minor children, is contrary to law.

4. The defendants' lump sum budgeting rules result in the consideration of income which is not actually available to AFDC

units and that such practice is contrary to law.

5. The defendants' past but now discontinued use of an adjusted or rateably reduced standard of need to calculate the period of ineligibility was contrary to law.

6. The defendants' failure to formally notify AFDC applicants and recipients subjected to periods of ineligibility of the action taken concerning their Medicaid benefits is contrary to law.

### Discussion

■ *Issue 1.* The plaintiffs argue that the lump sum budgeting rule of 42 U.S.C. § 602(a)(17) applies only to those AFDC units which have earned income at the time of the receipt of the lump sum payment. Such a challenge to § 602(a)(17) is not unique to the present action. Since its enactment, § 602(a)(17) has been exhaustively analyzed by the courts with regard to this issue. When the plaintiffs initiated this action the ambiguous provisions of § 602(a)(17) were open to conflicting interpretation with regard to whether AFDC units which received *unearned* lump sums were subject to the budgeting provisions of § 602(a)(17). A multitude of cases have arisen with issues identical or closely analogous to those argued by the plaintiffs herein. The courts have resoundingly concluded that § 602(a)(17) does apply to AFDC unit which receive lump sums of unearned income. *See Sweeny v. Murray,* 732 F.2d 1022, 1027 (1st Cir.1984), *Faught v. Heckler,* 736 F.2d 1235 (8th Cir.1984), *Clark v. Harder,* 577 F.Supp. 1085 (D.Kan. 1983), *Bowmaster v. Petit,* 576 F.Supp. 354 (D.Maine 1983).

These opinions have been buttressed by Congress' 1984 amendment to § 602(a)(17) in the Deficit Reduction Act of 1984, Pub.L. No. 98–369, § .2362(b)(1), 98 Stat. 1141 (1984). The amendment removed the disputed language of § 602(a)(17) and now reads that a lump sum disqualification applies to: "a child or relative applying for or receiving aid to families with dependent children, or any other person whose need

the state considers when determining the income of a family."

The amendment became effective on October 1, 1984 and clearly requires that the lump sum budgeting rules of § 602(a)(17) be applied to AFDC units with unearned income, as well as those with earned income. The Court finds the 1984 amendment to be a clarification, not a change, in the lump sum rules. Accordingly, 42 U.S.C. § 602(a)(17), as enacted in 1981 and amended in 1984, requires that the lump sum budgeting rule be applied to AFDC units with unearned income. In so holding, this Court adopts the analysis of the opinions cited above. Accordingly, the plaintiffs' prayer for relief on issue 1 is DENIED.

■ *Issue 2.* The plaintiffs contend the defendants' failure to apply the allowable resource limits to AFDC applicants and recipients in receipt of payments, considered to be lump sums, is contrary to law because it is in violation of 42 U.S.C. § 602(a)(7)(B), 45 C.F.R. § 233.20(a)(3)(i)(B) and the Equal Protection clause.

42 U.S.C. § 602(a)(7) provides "that the State agency-(B) shall determine ineligible for aid any family the combined value of whose resources (reduced by any obligation or debts with respect to such reasons) exceeds $1,000 or *such lower amount as the state may determine....*" (Emphasis added.) The implementing regulation, 45 C.F.R. § 223.20(a)(3)(i)(B) provides: "The amount of real and personal property that can be reserved for each assistance unit shall not be in excess of one thousand dollars equity value (or such lesser amount as the state specifies in its State plan)...." Indiana's implementing regulation, 47 I.A.C. 10–3–4.1 provides in relevant part:

The following limitations regarding ownership of real and personal property shall apply in the determination of eligibility for Aid to Families with Dependent Children, subject to the definitions and requirements of 45 CFR 233.20.

(1) An assistance unit is ineligible for Aid to Families with Dependent Children

if the total value of their equity in real and personal property is in excess of:

(A) $1,000 if the assistance unit includes an eligible needy relative, or

(B) $500 if the assistance unit does not include an eligible needy relative.

. . . . .

Thus, an AFDC unit may possess $1,000 in such assets and still be eligible for benefits. However, if a unit has no real or personal property of such value, and receives a lump sum, the state does not apply the $1,000 against the amount received. For example, if a unit receives a lump sum of $2,000, but possesses no assets, the state considers the $2,000 to be income and will not allow the unit to retain the first $1,000 as a resource. The total amount is used in calculating the period of time for which the unit will be ineligible for assistance under the lump sum budgeting rules. The plaintiffs argue that under 42 U.S.C. § 602(a)(17)(A) a lump sum should be treated as income only in the month received and thereafter be a resource, subject to the resource exclusion.

The state implementation calls for a restrictive interpretation of resources. In effect an AFDC unit which does not have resources when it begins to receive AFDC benefits is not permitted to set aside any portion of the lump sum which they have received toward the allowable resource limits, as Indiana applies § 602(a)(17).

The federal defendant asserts that this is the proper procedure to follow under § 602(a)(17). The Secretary asserts that in enacting § 602(a)(17)

Congress decided that large sum payments were not to be used to build up a family's resources within the resource limitations of the AFDC program instead of being used to cover current subsistence needs over a period of months of program ineligibility. This preclusion of *building up* resources is a different matter than permitting a family to *retain* a certain amount of resources already held when the family encounters the need to apply for AFDC.

The Court finds that this interpretation of § 602(a)(17) is correct and therefore the state's refusal to apply a resource exclusion to lump sums is in compliance with § 602(a)(7)(B), § 602(a)(17) and the regulations thereunder.

The plaintiffs further contend that failure to apply the resource allowances violates plaintiffs rights under the Equal Protection Clause of the Fourteenth Amendment by creating two irrational classes of AFDC recipients, those AFDC applicants and recipients who are entitled to maintain resources within the allowable resource limitation and those AFDC applicants and recipients who are not entitled to maintain resources within the allowable resource limitation because the source of their resource is a lump sum.

The Court is aware that a loophole exists for the wary AFDC applicant or recipient who can anticipate the future receipt of a lump sum. They may go off AFDC before receipt and then return in a later month with resources rather than income. The Court acknowledges this potential abuse but finds that it requires a legislative rather than a judicial solution.

The equal protection obligation imposed by the Due Process Clause of the Fifth Amendment is not an obligation to provide the best governance possible. This is a necessary result of different institutional competences, and its reasons are obvious. Unless a statute employs a classification that is inherently invidious or that impinges on fundamental rights, areas in which the judiciary then has a duty to intervene in the democratic process, this Court properly exercises only a limited review power over Congress, the appropriate representative body through which the public makes democratic choices among alternative solutions to social and economic problems ... At the minimum level, this Court consistently has required that legislation classify the persons it affects in a manner rationally related to legitimate governmental objectives.

*Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 1080–81, 67 L.Ed.2d 186 (1981) (citation omitted).

Prior to the 1981 amendments, lump sums were counted as income in the month of receipt and any such amount not spent in that month was considered a resource in the months thereafter. A lump sum now must be budgeted over a period of months and it is deemed available income, as the AFDC payments are either suspended or cut back. Such was the intent of Congress. The Court therefore does not agree with the plaintiffs that 42 U.S.C. § 602(a)(17)(A) mandates that a lump sum becomes a resource subsequent to the month in which it is received. The very essence of the budgeting rule is that lump sums will be deemed available to meet the needs of the AFDC unit for the period of time ascertained under 42 U.S.C. § 602(a)(17)(A). By enacting § 602(a)(17) Congress was pursuing a legitimate governmental objective of encouraging recipients of lump sums to budget their funds, and the lump sum rule is rationally related to this objective. Therefore the plaintiffs are not entitled to relief under the Equal Protection Clause and their prayer for relief on issue 2 is DENIED.

■ *Issue 3.* The plaintiff contends that lump sum budgeting does not apply to personal injury insurance settlements, including those received for the benefit of a minor child.

The plaintiffs assert that funds received for personal injury claims are not income but compensation to make the injured party whole. Further, the plaintiff Gaynel Diamond challenges the Indiana regulations as being in violation of Indiana laws relating to the disposition of estates of minors, I.C. 29–1–18–50 and relating to the support of parents by their children, I.C. 31–2–9–1.

The Court finds that said Indiana regulations are not in violation of other Indiana laws.

§ 602(a)(17) requires budgeting of "nonrecurring lump sum income." The issue is whether a personal injury award is income? "Income" is not defined in § 602, but personal injury awards were not excepted from the budgeting provisions of § 602(a)(17).

In *Betson v. Cohen,* 587 F.Supp. 121 (E.D.Penn.1983) the plaintiff, an AFDC recipient, received a lump sum payment as a settlement for the pain and suffering she sustained in an automobile accident. The Pennsylvania Department of Public Welfare applied the budgeting rules of section 602(a)(17) and determined a period of AFDC ineligibility. The plaintiff contended that the treatment of personal injury awards as income violated federal law and state regulations. The Court noted that "regulations promulgated under the statute expressly provide for the exclusion or the disregard of certain items. *See* 45 C.F.R. § 233.20(a)(3). Personal injury awards are not among the excluded items." *Id.* at 126. Section 602(a)(17) provides that income received in lump sums shall be budgeted, and no exclusion is made for personal injury awards.

Further the statute does not exclude from the lump sum rule personal injury settlements received for the benefit of a minor child in the AFDC unit. Under the statutory language, such income is deemed available to the unit and accordingly must be budgeted as section 602(a)(17) prescribes.

The Court is aware that the lump sum application has been interpreted otherwise with regard to personal injury awards. *See Reed v. Lukhard,* 591 F.Supp. 1247 (W.D.Va.1984). However this Court finds that as the statutes and regulations now stand, personal injury awards are "lump sums" and are to be budgeted. If Congress finds such a result to be contrary to that desired under the AFDC program, then Congress may legislate otherwise.

■ *Issue 4.* The plaintiffs contend that the lump sum budgeting rules result in the consideration of income which is not actually available to AFDC applicants and recipients and that this is contrary to law. The facts as set forth by the plaintiffs demonstrate that harsh results are occasioned by

the lump sum budgeting rules. Accrued debt arising out of living expenses may exceed the lump sum received and in effect makes budgeting impossible. However, this does not lead to the conclusion that the rules are contrary to law. 42 U.S.C. § 602(a)(17) provides that lump sums are to be budgeted, and it does not require that the actual availability of lump sum funds be considered. The practical effect under this procedure may be that the AFDC units expend the lump sum before their AFDC benefits resume. If this is a result contrary to that intended by Congress, then it is the province of Congress to amend the law. This Court cannot do so. Therefore the plaintiffs' prayer for relief on issue 4 is DENIED.

■ *Issue 5.* The plaintiffs contend that the defendants' use of the adjusted or rateably reduced standard of need to calculate the period of ineligibility prior to May of 1983 was contrary to 42 U.S.C. § 607(a)(7) and 45 C.F.R. § 233.20(a)(3)(ii)(D).

The record shows that on May 12, 1983 the Administrator for Indiana Department of Public Welfare directed the county agencies to use a full need standard when calculating the period of ineligibility. The plaintiff asserts that the use of the adjusted standard of need prior to May of 1983 denied them benefits to which they were entitled. Regardless of the merits of this contention, the Eleventh Amendment bars this Court from ordering the State of Indiana to pay retroactive benefits. *Edelmon v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). As the state has discontinued the practice complained of, the Court finds said issue MOOT.

*Issue 6.* The plaintiffs contend that the failure to formally notify AFDC applicants and recipients about their loss of Medicaid was contrary to law.

The plaintiffs allege that the defendant state has failed to give AFDC applicants and recipients timely and adequate notice of action taken with respect to Medicaid benefits when a period of ineligibility for AFDC is imposed in connection with the receipt of a lump sum. AFDC recipients are automatically entitled to Medicaid benefits under Indiana law, I.C. 12–1–7–14.9. Concomitantly, Medicaid benefits are lost when AFDC benefits are terminated.

The record contains instances where the AFDC recipients or applicants were misinformed about the provisions of § 602(a)(17). The plaintiff Watkins, an applicant, was informed that he could "spend down" a payment of Social Security benefits to $1,000 and remain financially eligible for the AFDC program. Watkins then expended the Social Security benefits on utility and medical bills. Subsequently, they were informed by their caseworker that the information the caseworker had given was incorrect and that Watkins would be ineligible for AFDC benefit. Therefore the plaintiff Watkins asserts that he and others similarly situated were not given adequate notice of the lump sum rules and that this violates federal regulations and the Due Process Clause. Other plaintiffs assert that they were not given adequate notice of the lump sum rules.

The federal regulations require that the AFDC applicants and recipients be provided with adequate notice with regard to their eligibility and rights under the AFDC program. 45 C.F.R. § 206.10(a)(2)(i). The record does show that some of the plaintiffs were initially given erroneous information about their rights under the lump sum rules and were not informed that their medicaid benefits were terminated along with their AFDC benefits. In such situations the state was not in compliance with federal regulations.

The present facts are closely analogous to the case of *Buckhanon v. Percy,* 708 F.2d 1209 (7th Cir.1983). In *Buckhanon* the state of Wisconsin reduced or terminated AFDC and Medical Assistance benefits pursuant to changes mandated by the Omnibus Budget Reconciliation Act of 1981. The plaintiffs filed suit for declaratory and injunctive relief, alleging that the notices given by the state with regard to the aid terminations and reductions were inadequate because the state did not provide the plaintiffs "with an adequate written notice

containing the specific reasons and computations with respect to the change." *Id.* at 1211. The Court then held that the notices given were inadequate and the state revised the notices. Upon the issue of retroactive benefits, the Court of Appeals determined that the Eleventh Amendment as applied in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) barred the order of any retroactive payments which might otherwise be due because inadequate notice was given.

■ The bar against ordering retroactive payments against the state under the Eleventh Amendment applies equally as well to the present case. This Court cannot order retroactive payments to be made, even if some were actually due and owed.

Further, the record shows that the notice now provided by the state is in compliance with federal regulations. Therefore, the plaintiffs' prayer for relief on issue 6 is DENIED.

Further, all temporary restraining orders entered herein with regard to this action are DISSOLVED.

IT IS SO ORDERED.

### JUDGMENT

This cause is now before the Court upon the state defendants', Blinzinger and Steffy, motion to dismiss, the Secretary of Health and Human Services motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the plaintiffs' motion for injunction and relief on the merits. Said motions were consolidated for trial and an evidentiary hearing was held.

Whereupon the Court, having had an evidentiary hearing and trial on the merits on the issues raised by the plaintiffs' complaint and having considered the memoranda and supporting material filed in support of the parties' respective positions, and being duly advised in the premises, hereby finds that no factual dispute exists and that only issues of law remain for adjudication.

Whereupon, the Court, having considered the facts and the law, finds that the law is with the defendants and against the plaintiffs and that the plaintiffs should take nothing by way of their complaint.

THEREFORE IT IS ORDERED, ADJUDGED and DECREED that JUDGMENT is ENTERED for the defendants and against the plaintiffs. ACCORDINGLY, IT IS HEREBY ADJUDGED that plaintiffs take nothing by way of their complaint.